## (February 7, 1968)

JOHN S. FINE et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 45487.) — STALEY, JR., J. Cross appeals from a judgment in favor of claimants, entered March 17, 1967, upon a decision of the Court of Claims. Prior to the appropriation, the claimants were the owners of a parcel of land consisting of 122 acres on the east side of Route 209 about six miles south of Ellenville, Sullivan County, New York, which was bisected by the abandoned New York, Ontario and Western Railroad. The property was used as a Summer colony with several cottages accommodating about 16 families and, although it had no direct frontage on Route 209, it had the benefit of a right of way along the northern boundary which gave the entire property access to Route 209. On the trial it was stipulated that, at the time of the appropriation, the claimants had an easement across the lands of the New York, Ontario and Western Railroad to that portion of their property lying easterly of the railroad property, and consisting of about 52.26 acres. The area east of the railroad property was mountainous and, prior to the appropriation, was used by the patrons of the Summer colony for hiking and mountain climbing, there being footpaths in existence for that purpose. The State appropriated a long strip of land on each side of the railroad property and three permanent easements for drainage amounting to a total appropriation of 1.453 acres, and also appropriated the railroad property pursuant to section 30 of the Highway Law for the relocation of Route 209 which has apparently been designated as a limited access highway, thereby landlocking the 52.26 acres of claimants' property lying easterly of the railroad property. The claimants purchased this property in 1957 for $20,000 and improved the same by adding a swimming pool and other improvements which enhanced the value of the property. None of the improvements were directly affected by the appropriation. The claimants' expert valued the entire property at the time of the appropriation at $112,000 which figure the court rejected as greatly exaggerated, since by computation, it reflected a land value of $900 per acre for the 15 acres on which the improvements are located, and $450 per acre for the remaining land as compared to the purchase price of $64 per acre five years before. The State's expert placed a before value on the entire property of $30,000 with an after value of $25,150, and set total damages at $4,900. In his opinion the land value of the entire property was $100 per acre before the taking, and an after value of $61 per acre. In essence, the trial court found the value of the property before the taking to have been $50,000 and the after value $38,300, the resultant damage, of course, being $11,700, of which $200 constituted direct damage and $11,500 consequential damage. We do not agree with the State's contention that the consequential damage figure represents some duplication of damage items merely because the court discussed the various factors which it considered relevant in arriving at its determination and in so doing expressed its views as to the acreage value of the parcel that was landlocked by the taking and, also, of the effect of the deprivation of the use of that parcel upon the improved portion of the resort property not taken.

The ultimate evaluations at which the court arrived and its segregation of direct and consequential damages were within the range of the evidence and have sufficient support in the record. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.